UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
C.A., INC.,

                    Plaintiff,

-against-

STONEBRANCH, INC. and STEVEN L. TURPIN,

                    Defendants.
-------------------------------------------------------------X

**OPINION AND ORDER
12-CV-5988 (SJF)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★   MAR 07 2014   ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

Before the Court is the Report and Recommendation ("Report") of Magistrate Judge Arlene R. Lindsay, dated January 27, 2013 (DE 37), which recommends that defendants' motion to dismiss plaintiff's complaint be granted in part and denied in part. For the following reasons, the Report is adopted in part and rejected in part. Defendant Turpin's motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(2) and (3) is **DENIED**. Defendant Stonebranch's motion to dismiss for lack of personal jurisdiction based on FRCP 12(b)(2) is **DENIED** without prejudice to renew if and when plaintiff moves and is granted leave to amend the complaint. If plaintiff does not so move or leave is not granted, the complaint shall be dismissed as against Stonebranch upon its motion. Plaintiff's request for the Court to *sua sponte* grant leave to amend the complaint is **DENIED**. Plaintiff's request for jurisdictional discovery is **GRANTED** to the extent set forth herein.

I. **Background**

A. **Facts**

Plaintiff C.A., Inc. ("CA" or "plaintiff") is a leading management software and solutions company that offers information technology and business process services to a wide range of

business and institutional clients. Compl. ¶ 8. Defendant Stonebranch, Inc. ("Stonebranch") is plaintiff's competitor in the mainframe and distributed computer (client/server) job scheduling and workload automation software market, selling and delivering such software to businesses, municipalities and other institutions in North America. *Id.* at ¶ 12. Defendant Turpin ("Turpin") resides in St. Petersburg, Florida. *Id.* at ¶ 5.

On January 3, 2006, plaintiff hired Turpin, who reported to CA's office in Tampa, Florida, as a Director of Technical Sales. *Id.* at ¶ 6. Turpin executed an Employment and Confidentiality Agreement ("employment agreement") wherein he agreed to maintain the confidentiality of CA's proprietary information. The employment agreement also included a covenant not to compete and a forum selection clause, which provided that the agreement was to be governed by and construed in accordance with New York State law and that any legal action with respect to the agreement or Turpin's employment was to be brought exclusively in the federal or state courts located in Suffolk County, New York. *Id.* at ¶¶ 46, 48; Mem. in Supp., Exh. B, ¶ 16(d).

On May 8, 2012, Turpin resigned from CA and on May 11, 2012, he left plaintiff's employ. Compl. ¶¶ 31, 33. On May 14, 2012, Turpin became employed by Stonebranch as Director of Technical Sales and Services Operations, and worked primarily from his home in St. Petersburg, Florida. *Id.* at ¶ 35; Turpin Decl. ¶¶ 2, 7.

The complaint alleges that Turpin provided Stonebranch with confidential and proprietary CA information in order for Stonebranch to formulate a bid for a Software Upgrade Project for one of CA's existing clients, the Ohio Public Employee Retirement System ("OPERS"). Compl. ¶¶ 25-38. On June 7, 2012, OPERS advised CA that it awarded the upgrade project to

Stonebranch instead of CA. *Id.* at ¶ 39. CA alleges that it lost more than $1.8 million in revenue as a result of losing the contract with OPERS. *Id.* at ¶ 40.

## B. Case History

On December 4, 2012, CA commenced this action against defendants alleging the following claims: (1) breach of contract against Turpin; (2) tortious interference with existing and prospective economic relations against both defendants; (3) misappropriation of trade secrets against both defendants; (4) unfair competition against both defendants; (5) breach of fiduciary duties against Turpin; and (6) faithless servant against Turpin. CA also seeks an injunction enjoining Stonebranch and Turpin from using CA's proprietary information and attorney's fees and costs against Turpin based on the employment agreement.

Defendants moved to dismiss the complaint pursuant to FRCP 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue, which was referred to Magistrate Judge Arlene R. Lindsay to report and recommend. After the Report was issued, defendants filed their objections,[1] and plaintiff filed its response on February 24, 2014 (DE 40-1).

## II. Discussion

## A. Standard of Review

Title 28 U.S.C. § 636(b)(1)(C) provides that a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

---

[1]. On March 3, 2014, defendant Stonebranch filed a document it designated a "Reply." Pursuant to FRCP 72(b)(2), however, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Based on the rule's plain language, there is no right to a reply and consequently, Stonebranch's memorandum was not considered by the Court.

to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After reviewing a report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[I]n providing for a "de novo determination" . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

**B.     Analysis**

With respect to the Court's personal jurisdiction over defendant Turpin, the Report found that the forum selection clause in the employment agreement was valid, enforceable and sufficient to establish personal jurisdiction over him. The Report recommends that the Court deny Turpin's motion to dismiss the complaint for lack of personal jurisdiction. DE 37 pp. 7-11.

Likewise, the Report recommended that Turpin's motion to dismiss for improper venue be denied because Turpin waived this defense by agreeing to the forum selection clause in the employment agreement. *Id.* at p. 19. No objections were raised with respect to the Report's recommendation that defendant Turpin's motion to dismiss pursuant to FRCP 12(b)(2) and (3) be denied.

As to the Court's personal jurisdiction over defendant Stonebranch, the Report found that the relationship between the defendants was not so "closely related" that it was foreseeable that the forum selection clause in the employment agreement would be enforced against Stonebranch. Accordingly, the Report found that the Court does not have personal jurisdiction over

Stonebranch based on the forum selection clause in co-defendant Turpin's employment agreement with CA. *Id.* at pp. 11-14.

The Report then analyzed whether the Court had personal jurisdiction over Stonebranch pursuant to New York's Civil Practice Law and Rules (C.P.L.R.) § 302(a)(1), which provides that a New York court has personal jurisdiction over a non-domiciliary person or entity who, "in person or through an agent . . . transacts business within the state or contracts anywhere to supply goods and services in the state." The Report found no substantial nexus between Stonebranch's contacts with New York and CA's claims and, accordingly, recommended that its motion to dismiss pursuant to FRCP 12(b)(2) be granted. DE 37 p. 17.

In a footnote, the court declined to analyze whether there was personal jurisdiction over Stonebranch pursuant to New York's C.P.L.R § 301[2] because the complaint failed to assert personal jurisdiction on that basis. Nor did the complaint's allegations establish a prima facie case for personal jurisdiction pursuant to § 301 and, accordingly, the court noted it would not "find jurisdiction *sua sponte*." DE 37 p. 14 n.2. In the same footnote, the Report recommended "that plaintiff be granted leave to amend its complaint to assert such a claim against defendant Stonebranch 'if it can allege, consistent with its obligations under Fed. R. Civ. Pro. 11, facts that make a prima facie showing of personal jurisdiction over [Stonebranch].' " *Id.* (quoting *Network*

---

2. New York's general jurisdiction statute, C.P.L.R. § 301, provides: "A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Pursuant to C.P.L.R. § 301, a court "may exercise jurisdiction over a party if it is 'doing business' in New York State." *Chestnut Ridge Air, Ltd. v. 1260269 Ontario Inc.*, 827 N.Y.S.2d 461, 463-64 (N.Y. Sup. Ct. 2006).

*Enters., Inc. v. APBA Offshore Prods., Inc.*, No. 01 Civ. 11765, 2002 WL 31050846, at *8 (S.D.N.Y. Sept. 12, 2002)).

The Report also notes that plaintiff requests jurisdictional discovery if its complaint is dismissed against Stonebranch for lack of personal jurisdiction; defendants oppose the request. *Id.* at p. 18. The Report recommends that plaintiff's application for jurisdictional discovery be denied with leave to renew if plaintiff is granted leave to amend its complaint to assert personal jurisdiction over Stonebranch pursuant to New York's C.P.L.R. § [301]. *Id.* at p. 18-19.

Stonebranch objects to that portion of the Report that "recommends that plaintiff be granted leave to amend its complaint" to assert personal jurisdiction against Stonebranch pursuant to CPLR § 301 to the extent it can do so consistent with its obligations under FRCP 11. DE 37 p. 14 n.2; DE 38 at p. 3. Stonebranch argues that plaintiff should make a formal motion for leave to amend its complaint pursuant to FRCP 15(a)(2). Plaintiff responds that the Court should *sua sponte* grant it leave to file an amended complaint based on the jurisdictional allegations in its brief in opposition to defendants' motion to dismiss (DE 34). DE 40-1 at p. 4.

Stonebranch also objects to the Report's recommendation that plaintiff's application for jurisdictional discovery be denied with leave to renew should plaintiff be granted leave to amend the complaint to assert personal jurisdiction over Stonebranch pursuant to CPLR § 301. DE 37 p. 18; DE 38 at p. 4. In the event the Court grants plaintiff permission to engage in jurisdictional discovery, Stonebranch requests that discovery be limited to the specific contentions alleged by plaintiff heretofore and only insofar as they relate to facts which would have conferred general jurisdiction as of the time the complaint was originally filed. *Id.*

Plaintiff requests that it be granted jurisdictional discovery because it has made a threshold showing that Stonebranch is subject to personal jurisdiction under the "solicitation plus" theory of "doing business." DE 40-1 p. 7. CA also requests that jurisdictional discovery not be limited to events and activities preceding the filing of the complaint. *Id.* at p. 8.

"[T]he Court may *sua sponte* grant leave to amend" a complaint. *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004). In this case, however, there is no reason to deviate from the federal rules which require a plaintiff to move for leave to amend under certain circumstances and which give a party who opposes the amendment a chance to be heard. Accordingly, that portion of the Report which recommends granting plaintiff leave to amend its complaint to assert a different ground for personal jurisdiction over defendant Stonebranch is rejected.

With regard to plaintiff's request for jurisdictional discovery, the request is granted to the extent plaintiff may engage in limited discovery, under the supervision of Magistrate Judge Lindsay, to determine whether Stonebranch has " 'engaged in such a continuous and systematic course of "doing business" [in New York] as to warrant a finding of its "presence" in this jurisdiction.' " *Landoil Resources*, 918 F.2d at 1043 (quoting *McGowan v. Smith*, 419 N.E.2d 321, 323 (N.Y. 1981)). The jurisdictional discovery is limited to defendant's activities in New York before or at the time this case was filed. *See In re Terrorist Attacks on September 11, 2001*, 718 F. Supp. 2d 456, 470 (S.D.N.Y. 2010) ("In determining whether a defendant's general contacts can be characterized as having been continuous and systematic as of the time of the commencement of the litigation, the Court 'examine[s] a defendant's contact with the forum [ ] over a period that is reasonable under the circumstances—up to and including the date the suit was

filed.' ") (quoting *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 128 (2d Cir. 2008)). Accordingly, that portion of the Report recommending that plaintiff's request for jurisdictional discovery be denied without prejudice to renew is rejected and plaintiff's request for jurisdictional discovery is granted to the extent indicated herein.

Plaintiff is advised that after conducting jurisdictional discovery, its prospective motion for leave to amend the complaint must allege credible facts demonstrating this Court's jurisdiction over Stonebranch, and not merely a prima facie showing of jurisdiction. *See Lyons v. Rienzi & Sons, Inc.*, No. 09 Civ. 4253, 2012 WL 1393020, at *2 (E.D.N.Y. Apr. 23, 2012) ("Where the parties have conducted jurisdictional discovery but have not held an evidentiary hearing, the plaintiff must allege facts that, if credited, would suffice to establish jurisdiction over the defendant.") (citing *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1025 (2d Cir. 1997)). *See also Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (holding that "[s]ince the district court allowed the parties to conduct discovery on the jurisdictional issue, [plaintiff] bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists").

## III. Conclusion

The portion of the Report which recommends that defendant Turpin's motion to dismiss for lack of personal jurisdiction and improper venue be denied is adopted. Also adopted is the portion of the report finding that the Court does not have personal jurisdiction over defendant Stonebranch based on the forum selection clause in co-defendant Turpin's employment agreement or New York's C.P.L.R. § 302(a)(1). The Report's recommendation that plaintiff be

*sua sponte* granted leave to amend the complaint is rejected. The recommendation that plaintiff's request for jurisdictional discovery for denied without prejudice to renew is likewise rejected.

Accordingly, Turpin's motion to dismiss pursuant to FRCP 12(b)(2) and (3) is **DENIED**. Stonebranch's motion to dismiss for lack of personal jurisdiction based on FRCP 12(b)(2) is **DENIED** without prejudice to renew if and when plaintiff moves for and is granted leave to amend. Plaintiff's request for the Court to *sua sponte* grant leave to amend its complaint is **DENIED** and plaintiff's request for jurisdictional discovery is **GRANTED** to the extent set forth herein.

**SO ORDERED.**

Dated: March 7, 2014
      Central Islip, New York

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein, U.S.D.J.